UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-21606

FRANCISCO CARIAS, Jr., as the
Personal Representative of the Estate of
GUILLO CARIAS, on behalf of the
Estate, and his Survivors,

      Plaintiff,

vs.

AMERICAN AIRLINES, INC.,

      Defendant.

_____/

## RESPONSE IN OPPOSITION TO MOTION TO DISMISS

### A.     PROCEDURAL POSTURE

On March 16, 2023, the Estate filed the present action. [DE 1-2]. The Estate's Complaint

consists a single Count directed against American. [DE 1-2]. In that lone Count, the Estate has

asserted "an action for wrongful death." [DE 1-2, ¶ 1]. Subsequently, American Airlines

removed this action to this instant Court, and filed a Motion to Dismiss asserting nothing more

than its argument that Plaintiff's claims are barred by the Montreal Convention. In doing so,

American Airlines gets the law entirely wrong.

### MEMORANDUM OF LAW

### A.  The Montreal Convention Does Not Govern

The fundamental question that this Court must answer before moving on is whether the

Montreal Convention actually governs. This case is similar to *Cardoza v. Spirit Airlines, Inc.*, No.

10-61668-Civ, 2011 U.S. Dist. LEXIS 68091 (S.D. Fla. June 15, 2011). In *Cardoza*, the

1

passenger flew on a Spirit flight 716 from Santo Domingo, Dominican Republic to Fort

Lauderdale. Ms. Cardoza-Sori was a diabetic and anemic with a history of congestive heart

failure. At some point during the flight, Ms. Cardoza-Sori collapsed. A Spirit flight attendant

responded to the situation; believing the condition to relate to her diabetes. The flight attendant

went to the rear galley to get orange juice for Ms. Cardoza-Sori. When she returned with the

juice, Ms. Cardoza-Sori was unresponsive. Ultimately, the passenger died as a result of Severe

Hypertensive Cardiovascular disease.

In *Cardoza*, Spirit filed a Motion for Summary Judgment claiming that the claims are

barred under the Montreal Convention. Article 17 of the Montreal Convention, which superseded

the Warsaw Convention, imposes liability on an aircraft carrier when an "accident" causes a

passenger's death or bodily injury in an international flight. Article 17 of the Convention provides

that a carrier shall be liable for damage sustained in the event of the death or bodily injury suffered

by a passenger, if the accident which caused the damage so sustained took place on board the

aircraft or in the course of any of the operations of embarking or disembarking.

An accident is "an unexpected or unusual event or happening that is external to the

passenger," and not "the passenger's own internal reaction to the usual, normal, and expected

operation of the aircraft." *Air France v. Saks,* 470 U.S. 392, 405-06, 105 S. Ct. 1338, 84 L. Ed. 2d

289 (1985). In Cardoza, the late Judge Cooke wrote that,

> "The Fifth Circuit has held that an air carrier's departure from industry standard or its own
> company policy is not a per se "unexpected or unusual event," which constitutes an
> "accident*." Blansett v. Continental Airlines, Inc.*, 379 F.3d 177, 181-82 (5th Cir. 2004) . . .
> Courts in the Eleventh Circuit appear to at least consider industry standards and company
> policies in determining whether an event is "unexpected or unusual." See, e.g., *McDowell
> v. Continental Airlines, Inc*., 54 F. Supp. 2d 1313, 1318 (S.D. Fla. 1999)"'"

Ultimately, the late Judge Cooke found that the only way that the Montreal convention

could apply is if the injury or death was the result of an "accident," which is a term of art that the finder of fact must review.

In our case, there are no allegations that claim an unexpected or unusual event. In fact, the event that occurred is quite usual. Ultimately, the issue of an unusual event, and whether the Montreal Convention governs certainly should be denied at the Motion to Dismiss stage, just like it was denied in the summary judgment stage in *Cardoza*.

### B. <u>Dismissal Is Not Proper Because The Montreal Convention Merely Discusses Damages, And Nothing More</u>

Next, assuming the Montreal Convention governs, there is no issue of preemption, but an issue of the amount of damages. The Eleventh Circuit recently held in *Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1167 (11th Cir. 2014) that "The district court dismissed Campbell's amended complaint for lack of subject matter jurisdiction. We disagree because Article 33 of the Montreal Convention grants the district court the power to hear his claims."

The Montreal Convention is a "self-executing" treaty, which "creates a private right of action in U.S. courts." *Baah v. Virgin Atl. Airways*, 473 F. Supp. 2d 591 (S.D.N.Y. 2007). The Convention provides the exclusive remedy for injuries or damage to individuals incurred on board international flights. Montreal Convention Art. 29; *Aikpitanhi v. Iberia Airlines of Spain*, 553 F. Supp. 2d 872, 878-79 (E.D. Mich. 2008); see *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 160-61, 119 S. Ct. 662, 142 L. Ed. 2d 576 (1999).

Under the terms of the Convention, this remedy can be pursued only in certain jurisdictions; if the United States is not one of these jurisdictions under the particular facts of this case, than this Court does not have treaty jurisdiction, and must dismiss the matter for lack of subject matter jurisdiction. *Aikpitanhi*, 553 F. Supp. 2d at 879; see *Hosaka v. United Airlines, Inc.*,

305 F.3d 989, 1004 (9th Cir. 2002); *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817,

818-19 (9th Cir. 1995).

> "In an action for the injury or death of a passenger, an action may be brought in the territory of a State Party in which at the time of the accident the passenger has his or her principal and permanent residence and to or from which the carrier operates services for the carriage of passengers by air, either on its own aircraft, or on another carrier's aircraft pursuant to a commercial agreement, and in which that carrier conducts its business of carriage of passengers by air from premises leased or owned by the carrier itself or by another carrier with which it has a commercial agreement." Montreal Convention, Art. 33(2).

In this case, because American Airlines operates services in this particular district, the

action is rightfully brought in this Court. See *Hornsby v. Lufthansa German Airlines*, 593 F. Supp.

2d 1132 (C.D. Cal. 2009)(holding that "Because a passenger who lived in Germany when she was

injured on an international flight intended to return to the United States she could invoke the "fifth

jurisdiction" of the Convention for the Unification of Certain Rules for International Carriage by

Air art. 33(3)(b), May 28, 1999, S. Treaty Doc. No. 106-45 to bring suit in an American court.

### C.  The Montreal Convention Does Not Preempt Plaintiff's State Law Claims

With that being said, the Convention does not preempt Plaintiff's state law claims in its

entirety.

The focal point of the dispute is Article 29 of the Montreal Convention, which states:

> "In  the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights. In any such action, punitive, exemplary or any other non-compensatory damages shall not be recoverable."

Courts have found that there is "no congressional intent to create an exclusively federal

cause of action. Thus, Article 29 of the Montreal Convention presumably operates as federal

defense to state law claims and preempts those claims only to the extent that they exceed the limits

set by the convention. See, e.g., *Sompo Japan Ins., Inc. v. Nippon Cargo Airlines Co.*, 522 F.3d

776, 785 (7th Cir. 2008) (holding that the analogous provisions of the Warsaw Convention "simply

operate as an affirmative defense."); *Fayard*, 533 F.3d at 45 (examining the difference between

"complete preemption," and "ordinary preemption" and noting that the latter operates as an

defense)."

     In that, Defendant misinterprets "ordinary preemption" with "complete preemption." As

stated in  *Constantino v. Cont'l Airlines, Inc.*, Civil Action No. 13-cv-1770 (CCC), 2014 U.S. Dist.

LEXIS 79643, at *8 (D.N.J. June 9, 2014)

> "In other words, *El Al Israel Airlines, Ltd. v. Tseng* 525 U.S. 155, 119 S. Ct. 662, 142 L.
> Ed. 2d 576 (1999) held that when the Warsaw Convention conflicts with state law,  the
> state law claims are "preempted" by the convention. Id. This sort of "ordinary preemption"
> is distinct from "complete preemption" in the removal context. *Fayard v. Northeast Vehicle
> Servs., LLC*, 533 F.3d 42, 45 (1st Cir. 2008) (explaining the difference between "complete
> preemption," and "ordinary preemption"). Indeed, *Tseng* held that the equivalent phrase in
> the Warsaw Convention operates to preclude "passengers from bringing actions under local
> law when they cannot establish air carrier liability under the treaty." 525 U.S. 155, 174-75,
> 119 S. Ct. 662, 142 L. Ed. 2d 576 (1999) (emphasis added). Thus, *Tseng* decision
> recognizes that the Montreal Convention might permit passengers to bring actions under
> local law when they can establish liability under the limitations set forth by treaty, as is the
> case here."

     As such, there is, literally, a chorus of holdings that show that the Montreal Convention

does not completely preempt state law claims. See, e.g., *DeJoseph v. Continential Airlines, Inc*.

No. 13-7714, 2014 U.S. Dist. LEXIS 65037, 2014 WL 1891407, at *7-8 (D.N.J. May 12, 2014);

*Zatta v. Societe Air Fr.*, No. 11-647, 2011 U.S. Dist. LEXIS 66552, 2011 WL 2472280, at *2-3

(C.D. Cal. June 21, 2011); *Nankin v. Cont'l Airlines,* No. 09-7851, 2010 U.S. Dist. LEXIS 11879,

2010 WL 342632, at *5 (C.D. Cal. Jan. 29, 2010); *Serrano v. Am. Airlines Inc*., No. 08-2256, 2008

U.S. Dist. LEXIS 40466, 2008 WL 2117239, at *6-7 (C.D. Cal. May 15, 2008); *Narkiewicz-Laine v. Scandinavian Airlines Sys.*, 587 F. Supp. 2d 888, 890 (N.D. Ill. 2008); *Rogers v. Am. Airlines, Inc.*, 192 F. Supp. 2d 661, 663 (N.D. Tex. 2001); *Air Express Int'l, Inc. v. Areovias De Mexico S.A. de C.V.*, 977 F. Supp. 1191, 1193 (S.D. Fla. 1997); *Lavadenz De Estenssoro v. Am. Jet, S.A.*, 944 F. Supp. 813, 817-818 (C.D. Cal. 1996).

Moreover, the cases that Defendant cites to finding "complete preemption" after the Montreal Convention was adopted continue to cite and discuss old Warsaw Convention cases. *Knowlton v. Am. Airlines, Inc.*, 2007 U.S. Dist. LEXIS 6882, [WL] at * 4-5 (D. Md. Jan 31, 2007)(discussing split in authority regarding Warsaw Convention and finding complete preemption under Montreal Convention); *Phifer v. Icelandair*, 652 F.3d 1222, 1224 n. 1 (9th Cir. 2011); *Baah v. Virgin Atl. Airways Ltd.*, 473 F.Supp.2d 591, 595-96 (S.D.N.Y. 2007) (citing legislative and executive statements showing intent to preserve Warsaw Convention precedent); *Narayanan v. British Airways*, Civ. No. 11-55870,   747F.3d1125  , 2014 U.S. App. LEXIS 5173, 2014 WL 1057304 at *2 n. 2 (9th Cir. Mar. 19, 2014).

Indeed, there are textual differences between Article 24 in the Warsaw Convention and Article 29 of the Montreal Convention. See *Narayanan*, 2014 U.S. App. LEXIS 5173, 2014 WL 1057304 at *2 n. 2.

Although judicial precedents developed under the Warsaw Convention were expected to obviate re-litigation of settled issues, such precedents must be reanalyzed where the language of the Montreal Convention differs from that of its predecessor, the Warsaw Convention. See S. Exec. Rep. 108-8, at 3 (2003); 149 Cong. Rec. S10870 (daily ed. July 31, 2003).

Ultimately, the Montreal Convention, to the extent that it applies, only applies to the measure of damages, and does not preempt any of Plaintiff's claims.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that this 3rd        day of May, 2023, a true and correct copy of the foregoing instrument was submitted to opposing counsel through the Florida e-filing portal.

Respectfully,

TRAYBER RAIKHELSON LAW GROUP, PLLC.
7000 W Palmetto Park Road, Suite 210
Boca Raton, FL 33433
Telephone:     (954) 895-5566
Primary Email: arlaw@raikhelsonlaw.com
Secondary email: a.raikhelson@icloud.com

/s/ Andre G. Raikhelson
Andre G. Raikhelson, Esq.
Bar Number: 123657

7